IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY WILLIAMS,** : | |
| Petitioner, : | |
| v. : | Civ. No. 15-781 |
| : | |
| **STEVEN GLUNT, et al.,** : | |
| Respondents. : | |

## O R D E R

On February 4, 2015, state prisoner Henry Williams, proceeding *pro se*, petitioned for federal habeas relief. (Doc. No. 1); 28 U.S.C. § 2254. I referred the matter to Magistrate Judge Richard Lloret, who, on January 28, 2016, recommended denying relief because Williams's § 2254 Petition is untimely. (Doc. No. 12.) I will overrule Williams's objections, adopt the Report, and deny relief.

I.   **Facts and Procedural History**

On August 3, 2004, after a bench trial, Philadelphia Common Pleas Court Judge Rayford Means found Williams guilty of rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, indecent assault, corruption of minors, simple assault, recklessly endangering another person, and indecent exposure, based on his repeated rape and sexual assault of a girl under the age of ten. See Commonwealth v. Williams, No. 523 EDA 2013, at 2 (Pa. Super. July 22, 2014) (citing July 1, 2013 PCRA Court Decision). Judge Means subsequently sentenced Williams to consecutive terms of ten to twenty years imprisonment for Rape, ten to twenty years for IDSI, and two and one-half to five years imprisonment, for an aggregate prison term of 22 ½ to 45 years imprisonment. Id. at 3.

Following a direct appeal, Williams's judgment of sentence became final on October 4, 2006 (when he could no longer petition for certiorari). (Doc. No. 12 at 7); 42 Pa.C.S.A. § 9545(b)(3) & U.S. Supreme Court Rule 13. After filing three unsuccessful PCRA Petitions (two of which he failed to exhaust), Williams filed the instant habeas petition under 28 U.S.C. § 2254 on February 4, 2015. (Doc.

No. 1); Williams, No 523 EDA 2013, at 1-4 (procedural history of PCRA proceedings).  On January 28, 2016, Judge Lloret recommended that I deny the Petition with prejudice as untimely.  (Doc. No. 12.)  Williams submitted timely objections to the Report.  (Doc. No. 14.)

## II. Legal Standards

In reviewing a Report and Recommendation, I am obliged to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (district court's responsibility "to afford some level of review" when no objections have been made).

## III. Discussion

Williams did not object to the factual findings underlying Judge Lloret's conclusion that the Petition is time-barred.  Rather, Williams's "objections" are simply reiterations of the arguments in his habeas Petition. I will nonetheless construe his submissions liberally and overrule the objections he apparently seeks to raise.  See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (courts should not decline to review objections that "rehash" arguments made to Magistrate Judge).

Before addressing Williams's "objections," however, I will explain briefly why Judge Lloret correctly concluded that the Petition was untimely.

### A. Williams's § 2254 Petition Is Untimely

The one-year limitations period to seek federal habeas review of a state court conviction generally runs from "the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The

Antiterrorism and Effective Death Penalty Act provides for statutory tolling for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).  The one-year limitations clock also may be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010).  Although "[t]here are no bright lines in determining whether equitable tolling is warranted," courts must be "sparing in their use" of this mechanism.  Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).  I need not address the merits of constitutional claims raised in an untimely habeas petition.  Id. at 187.

As I have explained, Williams's judgment of sentence became final on October 4, 2006.  42 Pa. C.S.A. § 9545(b)(3); U.S. Supreme Court Rule 13; see Evans v. Chavis, 546 U.S. 189, 191 (2006) ("The Antiterrorism and Effective Death Penalty Act of 1996 . . . requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year.").  Williams did not file his first PCRA Petition until May 21, 2007—i.e., 229 days after his conviction became final—when the AEDPA one-year limitations clock was statutorily tolled.  Williams, No 523 EDA 2013, at 3-4; 28 U.S.C. § 2244(d)(2).  When the PCRA Court dismissed Williams's Petition on May 22, 2009 (a decision from which Williams did not appeal), the limitations clock resumed running, leaving Williams with 136 days to file the instant Petition. (Doc. No. 12 at 5 n.3); see id. § 2254(b)(1)(A) (exhaustion requirement)   Accordingly, Williams had until October 5, 2009—i.e., 136 days from May 22, 2009—to seek federal habeas relief.  Because Williams did not file the instant Petition until February 4, 2015, over five years after the limitations period expired, his Petition is plainly time-barred. 28 U.S.C. § 2244 (d)(1).

Moreover, the limitations clock was not statutorily tolled during the pendency of Williams's two subsequent PCRA Petitions. The second Petition was filed on November 6, 2009 (after the limitations clock had expired) and dismissed on October 22, 2010; and the third was filed on February 11, 2011 and dismissed as untimely on January 24, 2013. Because Williams's failed to exhaust his initial PCRA claims and neither untimely Petition was "properly filed," no statutory tolling applied. Williams, No 523 EDA 2013, at 3-4 (PCRA history); Sistrunk, 674 F.3d at 188 ("AEDPA's express statutory tolling provision, which permits tolling for the time during which a properly filed application for state postconviction review is pending in state courts."); see Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005) ("[T]ime limits, no matter their form, are filing conditions"). Even if statutory tolling applied while those Petitions were pending, however, it is indisputable that the period in which Williams had no pending PCRA petition but failed to seek federal habeas relief plainly exceeded one year. 28 U.S.C. § 2244(d).

Finally, I agree with Judge Lloret that there is nothing in the record suggesting that Williams is entitled to equitable tolling of AEDPA's limitations clock. Holland, 560 U.S. at 649; (Doc. No. 12 at 6-7.) To the contrary, he has shown neither diligence nor any extraordinary circumstances that prevented him from filing a timely petition. Holland, 560 U.S. at 649; LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (discussing equitable tolling in § 2254 context). Nor could he make such a showing: Williams did not appeal the denial of his first two PCRA Petitions, and did not seek federal habeas relief until nearly six years after his initial PCRA Petition was denied. Id. In these circumstances, Judge Lloret correctly concluded that Williams's Petition is time-barred.

### B. Williams's Objections Are Meritless

*Reasonable Doubt*

Williams first argues that his "Petition is not time barred, as, it implicated the 'beyond a reasonable doubt' standard." (Doc. No. 14 at 1.) This argument does not excuse his untimely filing. The cases Williams cites—i.e., Ivan v. City of New York, 407 U.S. 203 (1972) and Hankerson v. North Carolina, 432 U.S. 233 (1977)—do not mention or even implicate the application of the one-year federal time-bar to collateral attacks on state court convictions. Although Williams appears to be arguing that there was not sufficient evidence to support his conviction, that alone does not excuse his failure to comply with the one-year limitations period. I thus need not reach the merits of his time-barred claim. See Sistrunk, 674 F.3d at 187 ("[B]ecause we conclude that Sistrunk's [§ 2254] petition is not timely, we do not reach the merits of his claims to determine whether such a [constitutional] violation actually occurred."); Thompson v. Southers, 2012 WL 5269261, at *5 (E.D. Pa. 2012) ("[The] R & R implicitly (and quite properly) ignores Thompson's 'insufficiency of the evidence' argument . . . because analysis of this issue would impermissibly go to the merits of an untimely habeas corpus petition."). Accordingly, I will overrule the objection.

*"Mere Ritual" of a Trial*

Williams conclusorily argues that his bench "trial was a mere ritual." (Doc. No. 14 at 2.) This argument is not an objection, but rather a new claim that was not raised in Williams's underlying § 2254 Petition. Moreover, Williams has offered no facts or allegations to support his claim, and the cases he cites are completely irrelevant to the timeliness of his Petition. Accordingly, I will overrule this meritless objection.

*Actual Innocence*

Williams next asserts, as he did in his initial Petition, that he is entitled to equitable tolling because he is "actually innocent." (Doc. No. 14 at 3); McQuiggin v. Perkin, 133 S. Ct. 1924 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may" overcome "the statute of limitations.").

The evidence upon which Williams purports to rely to "prove" his "innocence" is trial testimony from the Commonwealth's expert witness (Dr. Angelina Giardano), who examined the minor victim and testified that the victim did not exhibit any "acute or chronic signs trauma"—years after Williams first raped her. (Doc. No 1, App'x C (excerpts of testimony).) Williams now incredibly argues that this testimony alone, taken out of context, proves his actually innocent of *all the charges*. (E.g., Doc. No. 1 at 24 ("This testimony . . . is overwhelming proof that the crimes Petitioner was convicted of never took place.").) This is obviously incorrect.

A mere assertion of innocence, without more, is insufficient to toll AEDPA's limitation's clock. McQuiggin, 133 S. Ct. at 1924 ("We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995))); see Burton v. Wenerowicz, 2015 WL 409791, at *2 (E.D. Pa. Jan. 30, 2015). Rather, to overcome AEDPA's time-bar based on actual innocence, the petitioner must submit "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." Sistrunk, 674 F.3d at 187 (3d Cir. 2012); Thompson, 2012 WL 5269261, at *3 ("All three Schlup factors are necessary for [a petitioner] to prevail."). Here, Dr. Giardano's testimony is not "new evidence": the testimony was presented by the prosecution at trial. Furthermore, she did not remotely testify, as

Williams suggests, "that there is no evidence that these crimes occurred," only that the victim did not display "acute or chronic signs of trauma" long after the first assault. (Doc. No 1, App'x C.) That testimony is certainly not "so probative of innocence" that no reasonable fact finder would have convicted Williams of rape and IDSI—especially where his minor victim testified at trial that Williams had "penetrated her . . . and forced her to perform" sexual acts on him. Williams, No 523 EDA 2013, at 1 (citing N.T., Vol. 1, 07/26/2004 at 4-98). I thus agree with Judge Lloret's apt observation that Williams's actual innocence claim is a "preposterous supposition" that "is as factually inaccurate as it is offensive." (Doc. No. 12 at 8.) Accordingly, I will overruled his objections and conclude that Williams cannot overcome AEDPA's time-bar.

*Williams's Purported "Federal Rule of Evidence 801(d)(2)(B) Motion"*

Finally, Williams rehashes his argument that the Commonwealth's "failure" to address the merits of his actual innocent claims "is an adoptive admission" whereby it has implicitly "agreed with Petitioner's truth." (Doc. No. 4.) Yet, Respondents did in fact address Williams's actual innocence claim. (Doc. No. 10 at 9.) Moreover, I agree with Judge Lloret that it was quite "sensible" for the Commonwealth to concentrate on the untimeliness of Williams's Petition without addressing the merits of his time-barred constitutional claims. (Doc. No. 12 at 7-8.) Accordingly, I will deny Williams's frivolous "Rule 801(d)(2)(B) Motion."

**C. Conclusion**

In sum, Williams's § 2254 Petition is untimely, he cannot overcome the time-bar through equitable tolling, and his "objections" to the Report and Recommendation largely regurgitate the meritless arguments that Judge Lloret properly rejected.

\*       \*       \*

**AND NOW**, this 27th day of June, 2016, after a complete and independent review of Magistrate Judge Lloret's Report and Recommendation (Doc. No. 12), and upon consideration of Williams's Habeas Petition (Doc. No. 1), the Commonwealth's Response (Doc. No. 10), Williams's Consolidated Reply (Doc. No. 11), Williams's Objections to the Report and Recommendation (Doc. Nos. 14, 17), all other related submissions, and the entirety of the state court record, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Richard A. Lloret is **APPROVED** and **ADOPTED.** (Doc. No. 12.)
2. Williams's Petition for Writ of Habeas Corpus under § 2254 is **DENIED with prejudice.** (Doc. No. 1.)
3. Williams's "Fed. R. Evid. 801(d)(2)(B) Motion" is **DENIED**. (Doc. No. 11.)
4. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because Williams has not made a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).
5. The Clerk of Court shall mark this file closed for statistical purposes.

**AND IT IS SO ORDERED.**

 */s/ Paul S. Diamond*
 _____
 Paul S. Diamond, J.